Filed 11/9/15  P. v. Calvin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CALVIN JAMES CALVIN,<br><br>    Defendant and Appellant. | G051803<br><br>(Super. Ct. No. 10HF0179)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kazuharu Makino, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Calvin James Calvin, in pro. per.; and Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Defendant Calvin James Calvin was convicted by a jury of multiple counts of grand theft and using an untrue statement in the sale of a security. In an earlier opinion, this court affirmed defendant's conviction. (*People v. Calvin* (Nov. 25, 2014, G048597) [nonpub. opn.].) Defendant later filed a petition to reduce all of the felony grand theft charges to misdemeanors. The trial court denied the petition, and defendant appeals.

We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record. We provided defendant 30 days to file written argument on his own behalf; he did so.

We have examined the entire record, appointed appellate counsel's *Wende/Anders* brief, and defendant's supplemental brief; we find no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

A jury convicted defendant of seven counts of grand theft (Pen. Code, § 487, subd. (a)) and four counts of using an untrue statement in the purchase or sale of a security (Corp. Code, § 25401). The jury also made true findings that defendant committed the crime of grand theft in an amount exceeding $100,000 (Pen. Code, § 1203.045, subd., (a)), and that the total value of property taken by defendant was in excess of $150,000 (Pen. Code, former § 12022.6, subd. (a)(2)). In *People v. Calvin*, *supra*, G048597, this court directed the trial court to amend the abstract of judgment to impose a one-year, rather than a two-year, sentencing enhancement under Penal Code former section 12022.6, but otherwise affirmed the judgment.

2

Pursuant to Penal Code section 1170.18, subdivision (a), defendant, in propria persona, filed a postjudgment petition to reduce all of his felony grand theft charges to misdemeanors. The district attorney opposed the petition on the ground defendant was convicted of violating Penal Code section 487, subdivision (a), which was not one of the statutes added or amended by Proposition 47, and the amount taken by defendant had a value in excess of $950. The trial court denied defendant's petition, finding defendant had failed to meet his burden of proof. Defendant filed a timely notice of appeal.

ANALYSIS OF POTENTIAL ISSUES

Defendant, in his supplemental brief, argues that the trial court should have granted him a new trial because the jury's "finding [regarding a sentencing enhancement allegation] is contrary to law or evidence." (Pen. Code, § 1181, subd. 6.) While defendant does not make clear whether he is referring to the sentencing enhancement for a prior conviction (Pen. Code, § 667.5, subd. (b)), or the sentencing enhancement for taking property with a total value in excess of $150,000 (Pen. Code, former § 12022.6), in *People v. Calvin*, *supra*, G048597, we decided the sentencing questions raised by defendant. Accordingly, any sentencing issues raised in the earlier appeal have been resolved, and any sentencing issues not raised in the earlier appeal have been forfeited.

Defendant also argues that the trial court erred in imposing the maximum sentence because his prior criminal history was "insignificant," consisting only of a "previous felony grand theft conviction[]," and because he had no crimes of violence in his past. Again, the issues relating to defendant's sentence either were considered and resolved in *People v. Calvin*, *supra*, G048597, or have been forfeited.

Defendant further argues that the sentencing enhancement allegations were found true by the court by a preponderance of the evidence, rather than by the jury beyond a reasonable doubt, in violation of *Cunningham v. California* (2007) 549 U.S.

3

270. In addition to being improperly raised in this appeal rather than the prior appeal, defendant's claim is contrary to the appellate record, which shows the jury made the true findings on the sentencing enhancement allegations beyond a reasonable doubt.

Additionally, defendant claims, based on retroactivity principles, that the 2011 amendment to Penal Code section 487, subdivision (a), which raised the minimum value of property taken to make a crime grand theft rather than petty theft from $400 to $950, should have applied in his case. This argument is not properly raised in this appeal, and was forfeited by not being raised in the appeal from the judgment. Moreover, as described in *People v. Calvin*, *supra*, G048597, each charge of grand theft was based on money in excess of $950, which was taken by defendant.

The trial court properly denied defendant's petition under Penal Code section 1170.18, subdivision (a). Proposition 47 requires a misdemeanor sentence instead of a felony sentence for the crimes of petty theft, receiving stolen property, and forging/writing bad checks, when the amount involved is $950 or less, and requires resentencing for defendants serving felony sentences for such crimes unless the trial court finds an unreasonable risk of danger to public safety. (Pen. Code, §§ 490.2, 1170.18, subds. (a), (b).) The crimes of which defendant was convicted were grand theft, not petty theft, and all involved amounts of more than $950. Defendant was not entitled to a modification of his sentence under Penal Code section 1170.18, subdivision (a).

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issues suggested by defendant, has disclosed no reasonably arguable appellate issue. Competent counsel has represented defendant in this appeal.

DISPOSITION

The postjudgment order is affirmed.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.

5